UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nikolas Karahalios, | ) | C/A: 4:17-393-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Horry County Council, | ) | |
| Harold Worley, | ) | |
| Mark Lazarus, | ) | |
| Bill Howard, | ) | |
| Jimmy Washington, | ) | |
| Gary Loftus, | ) | |
| Tyler Servant, | ) | |
| Cam Crawford, | ) | |
| Harold Phillips, | ) | |
| Johnny Vaught, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The sole issue in this Report and Recommendation is whether Plaintiff should be required to pay the filing fee, or whether his financial condition justifies waiver of the filing fee.

Plaintiff has filed an Application to Proceed Without Prepaying Fees or Costs (AO 240), also known as an application to proceed *in forma pauperis*. In his application, Plaintiff states he received $3,100 monthly from military disability. He reports that he has $960.00 in cash or in a checking or savings account. He lists his expenses, not enumerated specifically, as a total of $2,812.00 and states he has a "truck" without specificity of value. (ECF No. 3).

This information raises questions over the application to proceed without prepayment of fees. A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948). Grants or denials of applications to proceed *in forma pauperis* are left to the

discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir.

1980).

One district court has observed that the appropriate disposition of § 1915 applications is not

always clear: "'[T]here are no 'magic formulas' for making the determination that the requisite in

forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all

of the relevant facts and circumstances involved in each particular situation.'" *Carter v. Telectron,

Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (quotation and internal citation omitted).  In *Carter*,

the district court, citing *Adkins* and cases in the Third and Fifth Circuits, set forth three legal tests

that this court[1] has also used to evaluate *in forma pauperis* applications, in exercising their discretion

under 28 U.S.C. § 1915(a):

> (1) Is the litigant "barred from the Federal Courts by reason of his impecunity?"
> (2) Is his "access to the courts blocked by the imposition of an undue hardship?"
> (3) Is the litigant "forced to contribute his last dollar, or render himself destitute to prosecute his claim?"

452 F. Supp. at 943.

As has been noted many times, the "privilege to proceed without posting security for costs

and fees is reserved to the many truly impoverished litigants who, within the District Court's sound

discretion, would remain without legal remedy if such privilege were not afforded to them."

*Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Failor

v. Califano*, 79 F.R.D. 12, 13 (M.D. Pa. 1978); and *Thomas v. Califano*, 79 F.R.D. 14, 14-15 &

n.2 (M.D. Pa. 1978).

Upon a review of all the information before the Court, mindful of the tests set forth in

---

[1] *See e.g., Cabbil v. U.S.*, 2015 WL6905072 (D.S.C. Nov. 9, 2015), *Stritzinger v. Delaware*, 2015 WL 5965268 (D.S.C. Oct 13, 2015).

*Carter*, it does not appear that Plaintiff would be barred from the federal courts because he simply does not have the money for the filing fee of $350.00, plus the administrative fee of $50.00, nor that paying that fee would effectively block his access to the courts by imposing on him an "undue hardship," nor that the fee would wring from him his last dollar or essentially render him destitute. Hence, Plaintiff must "confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?" *Carter*, 452 F. Supp. at 944 (internal citation omitted).

There are no clear precedents in the Fourth Circuit as to whether a magistrate judge can deny an application to proceed *in forma pauperis*, but another United States Court of Appeals has concluded that a magistrate judge cannot do so. In W*oods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990)(per curiam), the court ruled that a denial of an application to proceed *in forma pauperis* is the equivalent of an involuntary dismissal, which cannot be ordered by a magistrate judge:

> Plaintiffs have both appealed from magistrate orders denying leave to proceed in forma pauperis. Sua sponte, we address the issue of whether magistrates have authority to deny a motion for pauper status and conclude they do not.
>
> .... Although [28 U.S.C. §] 636(b)(1)(A)[2] does not specifically reference a motion to proceed in forma pauperis, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate's authority.
>
> A district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action.

894 F.2d at 187-88 (footnote omitted). *See also Cavender v. Seabold*, No. 92-6587, 1993 WL 137075, at *1, 992 F.2d 1216 (6th Cir. 29 Apr. 1993) (table); *Thornton v. Brady*, No. 89-3882,

---

[2] Restricting the authority of magistrate judges to issue dispositive orders.

1990WL 86697, at *1, 905 F.2d 1539 (6th Cir. 20 June 1990) (table); *United States v. General Foods Corp.*, File No. 1:90-CV-397, (W.D. Mich. 31 August 1993) ("Of course, where a magistrate judge lacks jurisdiction to enter an order dispositive of a matter, the proper course of action by a magistrate judge is to issue a report and recommendation for de novo review by the district judge.")(citing *Bennett v. General Caster Serv. of N. Gordon Co.*, 976 F.2d 995, 997 (6th Cir. 1992); *Woods*, supra); *Business Credit Leasing, Inc. v. City of Biddeford*, 770 F. Supp. 31, 32 & n.1 (D. Maine 1991)(following *Woods*, magistrate judge's "Memorandum of Decision" treated as "Recommended Decision").

Therefore, this Report and Recommendation has been prepared, so that Plaintiff may obtain review by a United States district judge.

## <u>RECOMMENDATION</u>

On the sole issue of this Report and Recommendation, it is recommended that the Application to Proceed Without Prepayment of Fees be denied.  (ECF No. 3).

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 17, 2017
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).