UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nikolas Karahalios, | ) | C/A: 4:17-393-RBH-TER |
|           Plaintiff, | ) ) ) | Report and Recommendation |
| vs. | ) ) | |
| Horry County Council, Harold Worley, Mark Lazarus, Bill Howard, Jimmy Washington, Gary Loftus, Tyler Servant, Cam Crawford, Harold Phillips, Johnny Vaught, *et al.*, | ) ) ) ) ) ) ) ) ) ) ) | |
|           Defendants. | ) ) | |

This is an action filed by a *pro se* non-prisoner litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On April 11, 2017, Plaintiff filed a Motion to Dismiss Defendant State of South Carolina, which the court construes as a motion under F.R.C.P. 41(a)(2). (ECF No. 35). Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). The Court has not yet authorized service on any of the sixty-six Defendants named in this action. However, thirty-three defendants have filed a Motion and/or an Appearance in this case. The Plaintiff is seeking to dismiss a Defendant that has not been authorized for service and has not filed an answer or motion or entered an appearance.

Thus, it is recommended that Plaintiff's Motion as to the voluntary dismissal without prejudice of Defendant State of South Carolina [35] be granted in part as to the dismissal, but denied in part as to Plaintiff's assertion that termination of said Defendant renders the entire case in proper form for authorization of service.

April 26, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).