# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nikolas Karahalois, | ) | C/A: 4:17-393-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Order |
| vs. | ) | |
| | ) | |
| Horry County Council, | ) | |
| Harold Worley, | ) | |
| Mark Lazarus, | ) | |
| Bill Howard, | ) | |
| Jimmy Washington, | ) | |
| Gary Loftus, | ) | |
| Tyler Servant, | ) | |
| Cam Crawford, | ) | |
| Harold Phillips, | ) | |
| Johnny Vaught, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This is an action filed by a *pro se* non-prisoner litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

Plaintiff is associated with a group of Plaintiffs who claim prior employment with or ownership of the business Skydive Myrtle Beach. These individuals each filed actions based on the same claims and facts against the same sixty-six defendants. *See Davis v. Horry County Council, et al*, No. 4:17-391-RBH-TER; *Herdt v. Horry County Council, et al*, No. 4:17-392-RBH; *Karahalios v. Horry County Council, et al*, No. 4:17-393-RBH-TER; *Ringley v. Horry County Council, et al*, No. 4:17-395-RBH-TER; *Holly v. Horry County Council, et al*, No. 4:17-396-RBH-TER; *Herzog v. Horry County Council, et al*, No. 4:17-398-RBH-TER; *Boulineau v. Horry County Council, et al*, No. 4:17-394-RBH; *Dron, et al v. Horry County Council, et al*, No. 4:17-397-RBH; *Bracey, et al v. Horry County Council, et al*, No. 4:17-399-RBH-TER; *Guillen v. Horry County*

*Council, et al*, No. 4:17-400-RBH; *Clarke v. Horry County Council, et al,* No. 17-401-RBH-TER.

Numerous motions, both dispositive and non-dispositive, have been filed in this action. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

**Plaintiff's Motion to the Court of Defendants Counsel for RVA and its Employees T. McRoy Shelley for Improper Representation (ECF No. 64)**

Defendants Robinson Aviation, Richard Allen, Jack Griffin, Glenn Ray, Bill Tiller, and Phil Zell filed a Motion to Dismiss (ECF No. 41) through their counsel, T. McRoy Shelley, III. In the present motion, Plaintiff asks the court to order Mr. Shelley to "comply with the court's rules by entering his appearance if he/she wishes to represent those clients and to properly notify the Plaintiff of their representation." Motion (ECF No. 64) p. 1. Plaintiff does not mention the court rules to which he is referring. Nevertheless, Mr. Shelley's filing of the Motion to Dismiss, in which he included his address, email address, and telephone number, *see* Fed.R.Civ.P. 11(a), is sufficient to put this court, Plaintiff, and all other parties in this matter on notice that Mr. Shelley represents these Defendants. Accordingly, Plaintiff's motion is denied.

**Plaintiff's First Motion to Strike (ECF No. 67)**

In his first Motion to Strike (ECF No. 67), Plaintiff asks the court "to strike in part the Defendants response motion and opposition to Plaintiff's motion for extension of time." Motion (ECF. No. 67) p. 1. As is the case for most, if not all, of Plaintiff's filings, he fails to specifically identify the filings to which he is referring with a docket number or by stating which Defendants filed the document. As an initial matter, the only Motion for Extension of Time (ECF No. 39) filed by Plaintiff was granted, *see* Text Order (ECF No. 55) prior to Plaintiff's Motion to Strike.

Therefore, the Motion to Strike is moot in that respect.

Next, it appears that the "response motion" to which Plaintiff refers is a motion to dismiss, although three Motions to Dismiss (ECF Nos. 26, 41, 50) had been filed at the time Plaintiff filed his motion to strike. Nevertheless, regardless of which motion Plaintiff is addressing, the relief he seeks is improper. Plaintiff asks the court to strike, under Fed.R.Civ.P. 12(f), "any part of their response motion that has nothing to do with the Plaintiff (striking the part of Amanda Boulineau which has nothing to do with this Plaintiff) and any statements about emotional stress or in any manner that has to do with financial burdens." Motion (ECF No. 67) p. 2. However, Rule 12(f) motions apply to pleadings only and are not available to strike material contained in motions. *See* Fed.R.Civ.P. 12(f); *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997).[1] As a practical matter, it appears that Plaintiff is using this motion to strike to oppose a motion to dismiss, and the proper vehicle for such opposition in most occasions is a response to the motion, not a separate motion. For these reasons, Plaintiff's first motion to strike is denied.

**Plaintiff's Motion to Disqualify Counsel (ECF No. 74) and Second Motion to Strike (ECF No. 70)**

In these motions, Plaintiff seeks to disqualify Mike Battle as counsel for Horry County Council, Harold Worley, Mark Lazarus, Bill Howard, Jimmy Washington, Gary Loftus, Tyler Servant, Cam Crawford, Harold Phillips, Johnny Vaught, W. Paul Prince, Jody Prince, Al Allen, Pat Apone, Jason Terrei, Charles Bree, Chad Cox, Jack Teal, Tim Jackson, Randall Smith, Sarah Glanders, Kirk Lovell, Lisa Bourcier, Chris Eldridge, Randolph Haldi, Arrigo Carotti, Frank Venegas, and HCDA (the Horry County Defendants) and to strike any filings made by Battle.

---

[1]Furthermore, rule 12(f) motions are "generally viewed with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

Plaintiff argues that a conflict of interest exists between Plaintiff and Battle "due to his acts of perjury in the lower courts." Motion (ECF No. 74) p. 1. Plaintiff asserts that Battle lied during eviction proceedings by stating that the lease held by SkyDive Myrtle Beach had expired and had not been renewed when Battle knew that Skydive Myrtle Beach held a valid lease agreement. Thus, Plaintiff argues, he plans to depose Battle and other employees of his firm in this action. Plaintiff also asserts that a conflict of interest exists between some of Battle's clients, namely between Horry County Council and its members and the Horry County Department of Airports (HCDA) and its employees. Plaintiff appears to argue that a conflict exists because these are two different entities of government "that conspired together."

"A motion to disqualify counsel is a matter subject to the court's general supervisory authority to ensure fairness to all who bring their case to the judiciary for resolution." *Clinton Mills, Inc. v. Alexander & Alexander, Inc.*, 687 F.Supp. 226, 228 (D.S.C.1988). "The South Carolina Code of Professional Responsibility sets forth the ethical standards for attorneys who practice in this district." *Reeves v. Town of Cottageville*, No. 2:12-CV-02765-DCN, 2014 WL 4231235, at *1 (D.S.C. Aug. 26, 2014) (citing Local Civil Rule 83.I.08 DSC, RDE Rule IV(B) ("The Code of Professional Responsibility adopted by this Court is the South Carolina Rules of Professional Conduct ... adopted by the Supreme Court of the State of South Carolina....")).

Rule 3.7 of the South Carolina Rules of Professional Conduct provides,

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>     (1) The testimony relates to an uncontested issue;
>     (2) The testimony relates to the nature and value of legal services rendered in the case; or
>     (3) Disqualification of the lawyer would work substantial hardship on the client.

> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Rule 3.7 does not define necessary witness, nor does it appear that South Carolina courts have addressed the issue. However, district courts within the Fourth Circuit have applied a three-part analysis in determining whether an attorney is a necessary witness. An attorney should be disqualified as a necessary witness only if "(1) the attorney will give evidence material to the issues to be determined, (2) the evidence cannot be obtained elsewhere, and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client." *Metropolitan Partnership, Ltd. v. Harris*, C/A No. 3:06CV522-W, 2007 WL 2733707 at *2 (W.D.N.C. September 17, 2007) (citing *United States v. Dyess*, 231 F. Supp. 2d 493, 496 (S.D. W. Va. 2002)). Plaintiff does not address any of these factors in his motion nor is he clear on what testimony he would seek to elicit from Battle if he deposed him. Disqualification is "a drastic remedy, and the moving party has a high standard of proof to demonstrate that disqualification is required." *Latham v. Matthews*, No. 6:08–cv02995, 2011 WL 52609, at * 2 (D.S.C. Jan.6, 2011). Plaintiff fails to meet this burden as to this issue, and thus, the motion is denied as to this issue with leave to refile at a later date, if appropriate.

Plaintiff also argues that a conflict exists between Battle's own clients. Rule 1.7 of the South Carolina Rules of Professional Conduct provides,

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph

(a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

"The party moving for disqualification must have had or currently have an attorney-client relationship with counsel in question in order to object to the representation. *Wright v. Williamsburg Area Med. Assistance Corp. (WAMAC)*, No. 4:12-CV-152, 2013 WL 12184285, at *1 (E.D. Va. Apr. 9, 2013) (internal citations omitted). Plaintiff "lacks standing and may not seek the disqualification of opposing counsel because []he is not a party that is affected by the [alleged] conflict." *Id.* For these reasons, Plaintiff's Motion to Disqualify Counsel (ECF No. 74) and Second Motion to Strike (ECF No. 70) are denied.

**Plaintiff's Motion for Settlement (ECF No. 73)**

Plaintiff asks the court to order the parties to a settlement conference "as soon as the summary judgment stage has commenced" to try and resolve this case. At this stage of the litigation, all Defendants who have made an appearance have filed motions to dismiss. If this action survives some or all of those motions, a scheduling order will be entered along with an order to conduct mediation. As such, this motion is denied as premature.

**Plaintiff's Motions for Leave to File Excess Pages (ECF Nos. 76, 97)**

Plaintiff moves for leave to file excess pages with respect to his responses to the motions to dismiss and his own motion for summary judgment. Pursuant to Local Civil Rule 7.05(B), D.S.C., "no memorandum shall exceed thirty-five (35) double-spaced pages, in the case of an initial brief

of any party," which includes both motions and responses. Plaintiff's Motion for Summary Judgment (ECF No. 84) does not exceed thirty-five pages. Thus, his second motion (ECF No. 97) is moot. Plaintiff's only response to Defendants' motions to dismiss to exceed thirty-five pages is ECF No. 137, which is thirty-eight pages. Thus, his first motion (ECF No. 76) is granted as to ECF No. 137 and moot as to his remaining responses (ECF Nos. 77, 78, 104).

**Defendants Richard Allen, Jack Griffin, Glenn Ray, Robinson Aviation, Bill Tiller, Phill Zell's Motion for Discovery Under Rule 56(d) (ECF No. 91) and Defendant Horry County Council's Motion to Stay (ECF No. 93)**

On May 22, 2017, Plaintiff filed a Motion for Summary Judgment (ECF No. 84). In response, Defendants Richard Allen, Jack Griffin, Glenn Ray, Robinson Aviation, Bill Tiller, Phill Zell (Robinson Aviation Defendants) filed a motion pursuant to Fed.R.Civ.P. 56(d), indicating that Plaintiff's motion was premature and asking that the court either deny the motion as such or, in the alternative, defer ruling on the motion and permit time for limited discovery prior to requiring a response to the motion. The court notes that several motions to dismiss are currently pending in this case and a scheduling order has not yet been entered. As such, Plaintiff's motion for summary judgment is premature. Accordingly, Defendant's motion is granted and Plaintiff's motion for summary judgment is denied as premature with leave to refile following the completion of discovery.

Likewise, Defendant Horry County Council's motion to stay deadlines and the entry of a scheduling order is granted as to his request to stay the entry of a scheduling order. Other deadlines that may arise, such as deadlines to respond to motions or other deadlines established by the court, are not stayed.

**Plaintiff's Third Motion to Strike (ECF No. 96)**

Plaintiff filed a Motion to Strike and/or Dismiss (ECF No. 96) the Robinson Aviation

Defendants' Motion to Dismiss, arguing that he received only the two page motion and not the memorandum in support and only learned of the memorandum in support after speaking to a plaintiff in a related case, *Ringley v. Horry County Council, et al*, No. 4:17-395-RBH-TER. The Robinson Aviation Defendants responded by stating that they properly served on Plaintiff both the motion and memorandum in support. Counsel for the Robinson Aviation Defendants filed a Certificate of Service indicating that he served both the motion and the memorandum in support on Plaintiff at his address on record with the court. Plaintiff subsequently filed a response (ECF No. 104) to the Robinson Aviation Defendants' Motion. This motion to strike is denied.

**Defendants Eduardo Angeles, Larry Ayers, James Cline, James Dangerfield, Randall Fiertz, Robert Giguere, Brandon Goldberg, Rob Hawks, Howard Hollis, Daniel Jones, Darrel McMillen, Tom Moyer, Michael Odonnell, Gary Pendleton, Herman Smith, Migel Vasconcelos, Kevin Willis, Thomas Winston's Motion for Extension of Time (ECF. No. 115)**

These Defendants sought an extension of time to file an answer or other responsive pleading until August 28, 2017. However, they subsequently filed a motion to dismiss on August 7, 2017. Therefore, this motion for extension of time is moot.

**Conclusion**

For the reasons discussed above,

- Plaintiff's Motion to the Court of Defendants Counsel for RVA and its Employees T. McRoy Shelley for Improper Representation (ECF No. 64) is **DENIED;**

- Plaintiff's First Motion to Strike (ECF No. 67) is **DENIED**;

- Plaintiff's Motion to Disqualify Counsel (ECF No. 74) is **DENIED**;

- Plaintiff's Second Motion to Strike (ECF No. 70) is **DENIED**;

- Plaintiff's Motion for Settlement (ECF No. 73) is **DENIED** as premature;

- Plaintiff's First Motion for Leave to File Excess Pages (ECF No. 76) is **GRANTED**;

- Plaintiff's Motion for Summary Judgment (ECF No. 84) is **DENIED** as premature with leave to refile following the completion of discovery;

- Defendants Richard Allen, Jack Griffin, Glenn Ray, Robinson Aviation, Bill Tiller, Phill Zell's Motion for Discovery Under Rule 56(d) (ECF No. 91) is **GRANTED**;

- Defendant Horry County Council's Motion to Stay (ECF No. 93) is **GRANTED**;

- Plaintiff's Third Motion to Strike (ECF No. 96) is **DENIED**;

- Plaintiff's Second Motion for Leave to File Excess Pages (ECF No. 97) is **MOOT**; and

- Defendants Eduardo Angeles, Larry Ayers, James Cline, James Dangerfield, Randall Fiertz, Robert Giguere, Brandon Goldberg, Rob Hawks, Howard Hollis, Daniel Jones, Darrel McMillen, Tom Moyer, Michael Odonnell, Gary Pendleton, Herman Smith, Migel Vasconcelos, Kevin Willis, Thomas Winston's Motion for Extension of Time (ECF. No. 115) is **MOOT**.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 13, 2017
Florence, South Carolina