UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nikolas Karahalios, ) | Civil Action No.: 4:17-cv-00393-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Horry County Council, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

Plaintiff and a group of Plaintiffs claim prior employment with or ownership of the business Skydive Myrtle Beach. These individuals each filed actions based on the same claims and facts against the same sixty-six defendants. *See Davis v. Horry County Council, et al*, No. 4:17-391-RBH-TER; *Herdt v. Horry County Council, et al*, No. 4:17-392-RBH-TER; *Karahalios v. Horry County Council, et al*, No. 4:17-393-RBH-TER; *Ringley v. Horry County Council, et al*, No. 4:17-395-RBH-TER; *Holly v. Horry County Council, et al*, No. 4:17-396-RBH-TER; *Herzog v. Horry County Council, et al*, No. 4:17-398-RBH-TER; *Clarke v. Horry County Council, et al*, No. 4:17-401-RBH-TER; *Dron, et al v. Horry County Council, et al*, No. 4:17-397-RBH-TER; *Bracey, et al v. Horry County Council, et al*, No. 4:17-399-RBH-TER; *Guillen v. Horry County Council, et al*, No. 4:17-400-RBH-TER; *Boulineau v. Horry County Council, et al*, No. 4:17-394-RBH-TER.

Plaintiff's voluminous complaint contains numerous state law claims: breach of contract; trespass; conspiracy; infliction of emotional distress; slander, libel, and defamation; false light; fraud; harassment; gross negligence; abuse of process and authority; and strict and vicarious liability. Liberally construed, Plaintiff also sets forth allegations of a 42 U.S.C. § 1983 claim based on due process violations, possible Federal Torts Claim Act claims, and possible *Bivens* claims.

Plaintiff names as defendants various state employees and state government bodies, federal employees, the Federal Aviation Administration (FAA), and private individuals and businesses. The premise of Plaintiff's complaint appears to be that the Defendants did not want this skydiving business at the Myrtle Beach airport and falsely reported one hundred and twelve violations in order to put the them out of business. Plaintiff alleges, ultimately, an eviction from the airport premises occurred without due process. Plaintiff makes references to ongoing state court actions and an action before the FAA and the Fourth Circuit Court of Appeals.

Plaintiff's Complaint is 160 pages and names 66 Defendants. Many allegations group Defendants together and do not set forth specific allegations of wrongdoing as to specific claims as to each Defendant. The Complaint also appears to contain many irrelevant details such that the true substance of the Complaint may be at risk of being lost to a reader, which includes the 66 Defendants who must answer or otherwise defend against the pleading. Defendants are entitled to allegations from the Plaintiff that are not conclusory so they will know how to respond. The Complaint in this case contains many conclusory statements and lacks necessary factual details.

Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The court has the authority to dismiss excessively long complaints under Rule 8(a) where the length renders the complaint unintelligible. *See e.g. United States ex rel. Garst v. Lockheed*-Martin Corp., 328 F.3d 374, 379 (7th Cir. 2003)(155 pages, 400 paragraphs, 99 attachments); *In re Westinghouse Securities Litigation*, 90 F.3d 696, 702-03 (3d Cir. 1996)(600 paragraphs spanning 240 pages), *Vicom, Inc*. v. *Harbridge Merch. Svcs.,* 20 F.3d 771, 775-76 (7th Cir. 1994)(finding 119 page "less than coherent" complaint should have been dismissed); *Kuehl v. FDIC*, 8 F.3d 905, 906-09 (1st Cir. 1993) (43 pages); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (98 pages).

The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Further, the plaintiff is obligated to provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do ..." *Id*. Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.*

The Complaint currently before the court does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain statement of the grounds for the court's jurisdiction, a short plain statement of the claim showing that Plaintiff is entitled to relief, and a demand for the relief sought by Plaintiff. As such, Plaintiff is being given an opportunity to amend.

Additionally, Defendants have answered or otherwise appeared in this case, as well as the other cases identified above. Plaintiff should take this opportunity to cure any pleading deficiencies Plaintiff deems appropriate considering the issues presented in filings since the original Complaint. Pursuant to *Goode v. Cent. Va. Legal Aid. Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015), Plaintiff here should

be allowed to amend the Complaint to cure pleading deficiencies as a matter of judicial economy. The Fourth Circuit has dismissed cases without remand where the district court previously afforded plaintiff a chance to amend his complaint. *See also Grady v. White*, No. 16-7722, 2017 WL 1437235 (4th Cir. April 24, 2017). This Order is affording such an opportunity to Plaintiff.

Any amended complaint should comply with the "short and plain statement" requirement and state facts sufficient to state a claim for relief against each named defendant, in compliance with Rule 8 of the FRCP. Any amended complaint must also set forth allegations of wrongdoing as to each Defendant sufficient to give each defendant fair notice of what the claim is and the grounds upon which it rests.

Accordingly, Plaintiff is granted leave to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure within 15 days of this Order.

Because the Court has granted leave to amend the complaint, all pending motions are **DENIED without prejudice with leave to refile**, if necessary after the amended complaint is filed.

This matter is hereby recommitted to the Magistrate Judge for issuance and service of process upon the filing of an amended complaint.

IT IS SO ORDERED.

| | |
|---|---|
| February 12, 2018 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |